UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA
PHOENIX DIVISION

| | | |
|---|---|---|
| JAMES CLARK, individually and on behalf of similarly situated persons, | ) ) ) | Case No. _____ |
| Plaintiff, | ) ) ) | **JURY TRIAL DEMANDED** |
| v. | ) ) ) | |
| HOT PIZZAS, LLC, | ) ) ) | |
| Defendant. | ) | |

**COMPLAINT**

Plaintiff James Clark, individually and on behalf of all other similarly situated delivery drivers, for his Complaint against Defendant, alleges as follows:

1. Defendant Hot Pizzas, LLC has operated approximately 58 Pizza Hut franchise stores in Arizona during times relevant.

2. Defendant employs delivery drivers who use their own automobiles to deliver pizzas and other food items to its customers. Instead of reimbursing delivery drivers for the reasonably approximate costs of the business use of their vehicles, Defendant uses a flawed method to determine reimbursement rates that provides such an unreasonably low rate beneath any reasonable approximation of the expenses they incur that the drivers' unreimbursed expenses cause their net wages to fall below the federal and Arizona minimum wages during some or all workweeks.

1

3. Plaintiff James Clark brings this lawsuit as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and as a class action under the Arizona Employment Practices and Working Conditions law ("AEPWCL"), A.R.S. § 23-201 *et seq.*, to recover unpaid minimum wages owed to himself and all similarly situated delivery drivers employed by Defendant at its Pizza Hut stores.

## Jurisdiction and Venue

4. The FLSA authorizes court actions by private parties to recover damages for violation of its wage and hour provisions. Jurisdiction over Plaintiff's FLSA claim is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 (federal question).

5. The AEPWCL authorizes court actions by private parties to recover damages for violation of their wage and hour provisions. Jurisdiction over Plaintiff's AEPWCL claim is based on A.R.S. § 23-364(H) and 28 U.S.C. § 1367 (pendent claims).

6. Venue in this District is proper under 28 U.S.C. § 1391 because Defendant operates Pizza Hut franchise stores in this District, Defendant employs Plaintiff in this District, and a substantial part of the events giving rise to the claims herein occurred in this District.

## Parties

7. Defendant Hot Pizzas, LLC is an Arizona limited liability company which, during times relevant, operated Pizza Hut franchise stores within the District of Arizona.

8. Plaintiff James Clark has been employed by Defendant since approximately March 2014 as a delivery driver at one of its Pizza Hut stores in the Phoenix, Arizona metropolitan area, which is located within the Phoenix Division of the District of Arizona. Plaintiff Clark's Consent to Become a Party Plaintiff under 29 U.S.C. § 216(b) is attached hereto as "Exhibit 1."

**General Allegations**

*Defendant's Business*

9. During the recovery period, Defendant has owned and operated approximately 58 Pizza Hut franchise stores in Arizona.

10. Each of Defendant's stores employs delivery drivers (hereinafter collectively "Delivery Drivers.").

11. Defendant's Delivery Drivers have the same primary job duty of delivering pizzas and other food items to Defendant's customers using their personal automobiles.

*Defendant's Flawed Reimbursement Policy*

12. Defendant requires its Delivery Drivers to maintain and pay for safe, legally-operable, and insured automobiles when delivering pizza and other food items.

13. Defendant's Delivery Drivers incur costs for gasoline, vehicle parts and fluids, repair and maintenance services, insurance, depreciation, and other expenses ("automobile expenses") while delivering pizzas for the primary benefit of Defendant.

14. Defendant's Delivery Driver reimbursement policy reimburses Delivery Drivers on a per-delivery basis that results in a per-mile reimbursement far below the IRS business mileage reimbursement rate or any other reasonable approximation of the cost to own and operate a motor vehicle. This policy applies to all of Defendant's Delivery Drivers.

15. The result of Defendant's Delivery Driver reimbursement policy is a reimbursement of much less than a reasonable approximation of its Delivery Drivers' automobile expenses.

16. During the applicable FLSA limitations period, the IRS business mileage reimbursement rate has ranged between $.54 and $.575 per mile. These figures represent a reasonable approximation of the average cost of owning and operating a vehicle for use in delivering pizzas.

17. The driving conditions associated with the pizza delivery business cause more frequent maintenance costs, higher costs due to repairs associated with delivery driving, and more rapid depreciation from driving as much as, and in the manner of, a delivery driver. Defendant's Delivery Drivers further experience lower gas mileage and higher repair costs than the average driver, factors used to determine the average cost of owning and operating a vehicle described above, due to the nature of the delivery business, including frequent starting and stopping of the engine, frequent braking, short routes as opposed to highway driving, and driving under time pressures.

18. Defendant's reimbursement policy does not reimburse the Delivery Drivers for even their ongoing out-of-pocket expenses, much less other costs they incur to own and operate their vehicles, and thus Defendant uniformly fails to reimburse its Delivery Drivers at any reasonable approximation of the cost of owning and operating their vehicles for Defendant's benefit.

19. Defendant's systematic failure to adequately reimburse automobile expenses constitutes a "kickback" to Defendant such that the hourly wages they pay to Plaintiff and Defendant's other Delivery Drivers are not paid free and clear of all outstanding obligations to Defendant.

20. Defendant fails to reasonably approximate the amount of its Delivery Drivers' automobile expenses to such an extent that its Delivery Drivers' net wages are diminished beneath the federal minimum wage and diminished even further below Arizona's minimum wage.

21. In sum, Defendant's reimbursement policy and methodology fail to reflect the realities of Delivery Drivers' automobile expenses.

*Defendant's Failure to Reasonably Reimburse Automobile Expenses Causes Minimum Wage Violations*

22. Regardless of the precise amount of the per-delivery reimbursement at any given point in time, Defendant's reimbursement formula has resulted in an unreasonable underestimation of Delivery Drivers' automobile expenses throughout the recovery period, causing systematic violations of the federal and Arizona minimum wages.

5

23. Plaintiff Clark is paid $8.15 per hour in store and $5.05 on the road by Defendant.

24. The federal minimum wage has been $7.25 per hour since July 24, 2009. 29 U.S.C. § 206(a).

25. Arizona's full minimum wage was $7.80 in 2013, was $7.90 in 2014, and has been $8.05 since 2015. http://www.govdocs.com/arizona-2015-minimum-wage-increase.

26. Arizona's tipped minimum wage was $4.80 in 2013, was $4.90 in 2014, and has been $5.05 since 2015. A.R.S. § 23-363(C).

27. Plaintiff Clark has driven a 1995 Crown Victoria and a 2006 Honda Civic while delivering pizzas for Defendant.

28. During Plaintiff Clark's employment by Defendant, the per-delivery reimbursement rate at the store where he has worked has ranged from approximately $.92 to $1.32 per delivery, and that rate has averaged approximately $1.16 per delivery.

29. During his employment with Defendant, Plaintiff Clark has experienced an average delivery distance of approximately 4.5 miles per delivery.

30. Thus, during the applicable limitations period, Defendant's average effective reimbursement rate for Plaintiff Clark has been approximately $.26 per mile ($1.16 per delivery / 4.5 average miles per delivery).

31. During most of this same time period, the IRS business mileage reimbursement rate was $.575 per mile, which reasonably approximated the automobile expenses incurred delivering pizzas. Using that IRS rate as a reasonable approximation of Plaintiff

Clark's automobile expenses, every mile driven on the job decreased his net wages by approximately $.315 ($.575 - $.26) per mile. Considering Plaintiff Clark's estimate of approximately 4.5 miles per delivery, Defendant has under-reimbursed him about $1.42 per delivery ($.315 x 4.5 miles).

32. During his employment by Defendant as a Delivery Driver, Plaintiff Clark has typically averaged approximately 2 deliveries per hour.

33. Thus, Plaintiff Clark has consistently "kicked back" to Defendant $2.84 per hour ($1.42 per delivery x 2 deliveries per hour), for an effective hourly wage rate of about $5.31 ($8.15 per hour - $2.84 kickback).

34. All of Defendant's Delivery Drivers had similar experiences to those of Plaintiff Clark. They were subject to the same reimbursement policy; received similar reimbursements; incurred similar automobile expenses; completed deliveries of similar distances and at similar frequencies; and were paid near the federal and Arizona minimum wage before deducting unreimbursed business expenses.

35. Because Defendant paid its Delivery Drivers a gross hourly wage very close to the applicable Arizona minimum wage, and because the Delivery Drivers incurred unreimbursed automobile expenses, the Delivery Drivers "kicked back" to Defendant an amount sufficient to cause minimum wage violations.

36. While the amount of Defendant's actual reimbursements per mile may vary over time, Defendant is relying on the same flawed policy and methodology with respect to

all Delivery Drivers at all of its other Pizza Hut stores. Thus, although reimbursement amounts may differ somewhat by time or region, the amounts of under-reimbursements relative to automobile costs incurred are relatively consistent between time and region.

37. The net effect of these policies is that Defendant willfully fails to pay the federal and Arizona minimum wage to its Delivery Drivers. Defendant thereby enjoys ill-gained profits at the expense of its employees.

## Class and Collective Action Allegations

38. Plaintiff brings Count I as an "opt-in" collective action claim on behalf of similarly situated Delivery Drivers pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

39. The FLSA claim may be pursued by those who opt-in to this case pursuant to 29 U.S.C. § 216(b).

40. Plaintiff, individually and on behalf of other similarly situated employees, seeks relief on a collective basis challenging Defendant's practice of failing to pay employees federal minimum wage. The number and identity of other plaintiffs yet to opt-in may be ascertained from Defendant's records, and potential plaintiffs may be notified of the pendency of this action via mail.

41. Plaintiff and all of Defendant's Delivery Drivers are similarly situated in that:

    a. They have worked as Delivery Drivers for Defendant delivering pizza and other food items to Defendant's customers;

    b. They have delivered pizza and food items using automobiles not owned or maintained by Defendant;

    c. Defendant required them to maintain these automobiles in a safe, legally-operable, and insured condition;

    d. They incurred costs for automobile expenses while delivering pizzas and food items for the primary benefit of Defendant;

    e. They were subject to similar driving conditions, automobile expenses, delivery distances, and delivery frequencies;

    f. They were subject to the same pay policies and practices of Defendant;

    g. They were subject to the same Delivery Driver reimbursement policy that underestimates automobile expenses, and thereby systematically deprived of reasonably approximate reimbursements, resulting in wages below the federal minimum wage in some or all workweeks;

    h. They were reimbursed similar set amounts of automobile expenses per delivery; and

    i. They were paid near the federal and state minimum wage before deducting unreimbursed business expenses.

42. Plaintiff brings Count II as a class action pursuant to Fed. R. Civ. P. 23, on behalf of himself and as the Class Representative of the following persons (the "Class"):

> All current and former Delivery Drivers employed by Defendant in the State of Arizona since the date 3 years preceding the filing of this Complaint.

43. Count II, if certified for class-wide treatment, is brought on behalf of all similarly situated persons who do not opt-out of the Class.

44. Plaintiff's state law claim asserted in Count II satisfies the numerosity, commonality, typicality, adequacy, predominance and superiority requirements of a class action pursuant to Fed. R. Civ. P. 23.

45. The Class sought in Count II satisfies the numerosity standard as it consists of at least hundreds of persons who are geographically dispersed and, therefore, joinder of all Class members in a single action is impracticable.

46. Questions of fact and law common to the Class sought in Count II predominate over any questions affecting only individual members. The questions of law and fact common to the Class arising from Defendant's actions include, without limitation:

   a. Whether they have worked as Delivery Drivers for Defendant delivering pizza and other food items to Defendant's customers;

   b. Whether they have delivered pizza and food items using automobiles not owned or maintained by Defendant;

   c. Whether Defendant required them to maintain these automobiles in a safe, legally-operable, and insured condition;

   d. Whether they incurred costs for automobile expenses while delivering pizzas and food items for the primary benefit of Defendant;

   e. Whether they were subject to similar driving conditions, automobile expenses, delivery distances, and delivery frequencies;

   f. Whether they were subject to the same pay policies and practices of Defendant;

   g. Whether they were subject to the same Delivery Driver reimbursement policy that underestimates automobile expenses, and thereby systematically deprived of reasonably approximate reimbursements, resulting in wages below the Arizona minimum wage in some or all workweeks;

   h. Whether they were reimbursed similar set amounts of automobile expenses per delivery; and

    i. Whether they were paid near the federal and state minimum wage before deducting unreimbursed business expenses.

47. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the state law claim.

48. Plaintiff's claim is typical of those of the Class sought in Count II in that:

    a. Plaintiff and the Class have worked as delivery drivers for Defendant delivering pizza and other food items to Defendant's customers;

    b. Plaintiff and the Class delivered pizza and food items using automobiles not owned or maintained by Defendant;

    c. Defendant required Plaintiff and the Class to maintain these automobiles in a safe, legally-operable, and insured condition;

    d. Plaintiff and the Class incurred costs for automobile expenses while delivering pizzas and other food items for the primary benefit of Defendant;

    e. Plaintiff and the Class were subject to similar driving conditions, automobile expenses, delivery distances, and delivery frequencies;

    f. Plaintiff and the Class were subject to the same pay policies and practices of Defendant;

    g. Plaintiff and the Class were subject to the same delivery driver reimbursement policy that underestimates automobile expenses, and thereby systematically deprived of reasonably approximate reimbursements, resulting in wages below the Arizona minimum wage in some or all workweeks;

      h. Plaintiff and the Class were reimbursed similar set amounts of automobile expenses per delivery;

      i. Plaintiff and the Class were paid at similar wage rates before deducting unreimbursed vehicle expenses.

49. Plaintiff is an adequate representative of the Class sought in Count II because he is a member of that Class and his interest does not conflict with the interest of the members of the Class he seeks to represent. The interests of the members of the Class sought in Count II will be fairly and adequately protected by Plaintiff and the undersigned counsel, who have extensive experience prosecuting complex wage and hour, employment, and class action litigation.

50. Maintenance of the claim asserted in Count II as a class action is superior to other available methods for fairly and efficiently adjudicating the controversy as members of the Class have little interest in individually controlling the prosecution of separate class actions, no other litigation is pending over the same controversy, it is desirable to concentrate the litigation in this Court due to the relatively small recoveries per member of the Class, and there are no material difficulties impairing the management of a class action.

51. It would be impracticable and undesirable for each member of the Class sought in Count II who suffered harm to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and

could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all Class members.

### COUNT I:  Violation of the FLSA by Failing to Reasonably Reimburse Vehicle Expenses

52. Plaintiff reasserts and re-alleges the allegations set forth above.

53. At all relevant times herein, Plaintiff and all other similarly situated Delivery Drivers have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq*.

54. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from federal minimum wage obligations, but none of the FLSA exemptions apply to Plaintiff or other similarly situated Delivery Drivers.

55. The FLSA regulates, among other things, the payment of minimum wage by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. §206(a).

56. Defendant is subject to the FLSA's minimum wage requirements because it is an enterprise engaged in interstate commerce, and its employees are engaged in commerce.

57. Under Section 6(a) of the FLSA, 29 U.S.C. § 206(a), employees have been entitled to be compensated at a rate of at least $7.25 per hour since July 24, 2009.  *Id*.

58. As alleged herein, Defendant has reimbursed Delivery Drivers less than the reasonably approximate amount of their automobile expenses to such an extent that it diminishes these employees' wages beneath the federal minimum wage.

59. Defendant knew or should have known that its pay and reimbursement policies, practices and methodology result in failure to compensate Delivery Drivers at the federal minimum wage.

60. Defendant, pursuant to its policy and practice, violated the FLSA by refusing and failing to pay federal minimum wage to Plaintiff and other similarly situated employees.

61. Plaintiff and all similarly situated Delivery Drivers are victims of a uniform and employer-based compensation and reimbursement policy. This uniform policy, in violation of the FLSA, has been applied, and continues to be applied, to all Delivery Driver employees in Defendant's stores.

62. Plaintiff and all similarly situated employees are entitled to damages equal to the minimum wage minus actual wages received after deducting reasonably approximated automobile expenses within three years from the date each Plaintiff joins this case, plus periods of equitable tolling, because Defendant acted willfully and knew, or showed reckless disregard for, whether its conduct was unlawful.

63. Defendant has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated

damages in an amount equal to the amount of unpaid minimum wages under 29 U.S.C. § 216(b). Alternatively, should the Court find Defendant acted in good faith and with reasonable grounds to believe its actions were lawful, Plaintiff and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

64. As a result of the aforesaid willful violations of the FLSA's minimum wage provisions, minimum wage compensation has been unlawfully withheld by Defendant from Plaintiff and all similarly situated employees. Accordingly, Defendant is liable under 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

WHEREFORE, Plaintiff and all similarly situated Delivery Drivers demand judgment against Defendant and request: (1) compensatory damages; (2) liquidated damages; (3) attorneys' fees and costs as allowed by Section 16(b) of the FLSA; (4) pre-judgment and post-judgment interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

## COUNT II:  Violation of the AEPWCL by Failing
## to Reasonably Reimburse Vehicle Expenses

65. At all relevant times herein, Plaintiff and the Class have been entitled to the rights, protections, and benefits provided under the AEPWCL, A.R.S. § 23-201 *et seq*.

66. No exemption applies to Plaintiff or the Class.

67. Arizona law regulates, among other things, the payment of minimum wage by employers who employ any person in Arizona.  A.R.S. § 23-363.

68. During all times relevant to this action, Defendant was the "employer" of Plaintiff and the Class within the meaning of Arizona law.  A.R.S. § 23-362(B).

69. During all times relevant to this action, Plaintiff and the Class were Defendant's "employees" within the meaning of Arizona law.  A.R.S. § 23-362(A).

70. Under A.R.S. § 23-363, employees have been entitled to be compensated at a rate of at least $7.80 per hour in 2013, at least $7.90 per hour in 2014, and at least $8.05 per hour since 2015.  http://www.govdocs.com/arizona-2015-minimum-wage-increase/.

71. As alleged herein, Defendant has failed to pay Delivery Drivers Arizona's minimum wage after deduction of unreimbursed vehicle expenses incurred in performing their jobs for Defendant.

72. Defendant knew or should have known that its pay and reimbursement policies, practices and methodology result in failure to compensate Delivery Drivers at Arizona's minimum wage.

73. Defendant, pursuant to its policy and practice, violated Arizona law by refusing and failing to pay Arizona's minimum wage to Plaintiff and other similarly situated employees.

74. Because Defendant acted willfully and knew, or showed reckless disregard for, whether its conduct was unlawful, Plaintiff and all similarly situated employees are entitled to damages equal to the minimum wage minus actual wages received after deducting reasonably approximated automobile expenses within three years from the date each Plaintiff joins this case, plus a period of time encompassing all violations that occurred as part of a continuing course of employer conduct regardless of the date. A.R.S. § 23-364(H).

75. Plaintiff and all similarly situated employees are entitled to additional damages equal to two times the difference between the minimum wage and actual wages received within the three years preceding the filing of this Complaint. A.R.S. § 23-364(G).

76. Plaintiff and the Class are entitled to an award of pre-judgment and post-judgment interest at the applicable legal rate. *Id*.

77. Defendant is also liable for Plaintiff's costs and attorney's fees incurred in this action. *Id*.

WHEREFORE, Plaintiff and the Class demand judgment against Defendant and pray for: (1) compensatory damages; (2) liquidated damages, (3) costs of litigation and

17

attorney's fees as provided by law; (4) pre-judgment and post-judgment interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

## Demand for Jury Trial

Plaintiff hereby requests a trial by jury of all issues triable by jury.

Dated:   March 7, 2016               Respectfully submitted,

**PAUL McINNES LLP**                 **WATTS GUERRA LLP**
Jack D. McInnes (MO Bar #56904)      /s/ Ryan Thompson
(*pro hac vice* forthcoming)         Ryan Thompson
601 Walnut Street, Suite 300         525 South Douglas Street, Suite 260
Kansas City, Missouri  64106         El Segundo, California 90245
Telephone:   (816) 984-8100          Telephone:   (424) 220-8141
Facsimile:   (816) 984-8101          Facsimile:   (424) 732-8190
mcinnes@paulmcinnes.com              rthompson@wattsguerra.com

**WEINHAUS & POTASHNICK**
Mark A. Potashnick
(E.D. Mo. Bar # 41315MO)
(*pro hac vice* forthcoming)
11500 Olive Blvd., Suite 133
St. Louis, Missouri  63141
Telephone:   (314) 997-9150
Facsimile:   (314) 997-9170
markp@wp-attorneys.com

**ATTORNEYS FOR PLAINTIFF**